**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE LUIS ORTIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>GRACE 365 GROUP, LLC d/b/a Nick's Pizzabar and HANOVER VENTURES, LLC,<br><br>Defendants. | No: 17 Civ. 1848<br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Jose Luis Ortiz, individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

1. This lawsuit seeks to recover minimum wages, uniform maintenance pay, unlawful deductions and other damages for Plaintiff and his similarly situated co-workers – delivery workers ("Delivery Workers") – who work or have worked at Nick's Pizzabar located at 365 3rd Avenue, New York, New York 10016 ("Nick's Pizzabar").

2. Owned and operated by Grace 365 Group, LLC, Hanover Ventures, LLC, (together "Defendants"), and Harry Poulakakos, Peter Poulakakos, Nicholas Angelis, Paul Lamas, Daniel McDonald, Michael Jewell and Rory Connellan, Nick's Pizzabar has been featured in numerous press sources, highlighting it among other restaurants owned by the

Defendants throughout New York City.[1]

3. Nick's Pizzabar is a part of HPH Restaurant Group ("HPH"), a management group, which includes well-known New York City restaurants such as, Harry's Café and Steak, Pier A Harbor House, Harry's Italian, Adrienne's Pizzabar, Ulysses' Folk House, Bathtub Gin, The Dead Rabbit, Le District, The Growler, Vintry Wine & Whiskey.

4. According to its website, HPH, owned and operated by defendants Peter Poulakakos and Paul Lamas, manages more than 25 restaurants and nightlife operations.[2]

5. HPH Restaurant Group is not a company or any form of entity amenable to suit, according to an answer filed by Hanover Ventures Marketplace, LLC, pertaining to its Le District restaurant, which is also managed by HPH.[3]

6. Nick's Pizzabar is known for its take-out and delivery services in the Murray Hill neighborhood of New York City. The restaurant accommodates this service through a specialized menu for take-out and delivery purposes, as well as its delivery services available through Seamless and GrubHub websites.

7. Despite Nick's Pizzabar's emphasis on take-out and delivery services, Defendants have failed to properly compensate Delivery Workers who work or have worked for them throughout the relevant time period.

8. At all times relevant, Defendants paid Plaintiff and other Delivery Workers at or below the "tipped" minimum wage rate for delivery employees.

9. Defendants, however, have not satisfied the strict requirements under the Fair

---

[1] *See, e.g.*, Nick Solares, *Nick's Pizzabar Bring Serious Thin Crust Pedigree to Murray Hill by Way of Forest Hills and FiDi*, (*available at* http://ny.eater.com/2014/12/3/7327335/nicks-pizzabar-brings-serious-thin-crust-pedigree-to-murray-hill) (last accessed Dec. 19, 2016).
[2] *See* About, HPH Website, (*available at* http://hphnyc.com/) (last accessed Dec. 19, 2016).
[3] *JMWilliams, LLC v. Hanover Ventures Marketplace LLC, et al*, No. 1:15-cv-03098, ECF 10 (E.D.N.Y, June 4, 2015).

Labor Standards Act ("FLSA") and/or the New York Labor Law ("NYLL") by which they could take a tip credit towards the hourly rates paid to Delivery Workers.

10. Defendants failed to provide Plaintiff and other Delivery Workers with notification of the tipped minimum wage rate or tip credit provisions of the FLSA or the NYLL, or of their intent to apply a tip credit to Plaintiff's and other Delivery Workers' wages.

11. Defendants also required Plaintiff and other Delivery Workers to spend a substantial amount of time, 2 hours or more than 20% of their worktime, performing non-tip producing side work duties that were related to their tipped occupation, and required Plaintiff and other Delivery Workers to perform non-tip producing side work unrelated to their tipped occupation.

12. In that regard, Defendants maintain a policy and practice whereby Delivery Workers are required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to, general cleaning of the kitchen, sweeping the floors, washing dishes, making to-go condiment and utensil bags, filling to-go parmesan cheese containers, removing garbage to the street, making pizza boxes, bringing food supplies up and down between the basement and the kitchen, rearranging items in the basement, and making pizza dough in the basement.

13. Defendants have also failed to provide uniform maintenance pay to Plaintiff and other Delivery Workers as required by the NYLL.

14. Defendants also required Plaintiff and other Delivery Workers to pay for their own "tools of the trade," including, but not limited to, bicycles, tires, chains, brakes, helmets and other bicycle maintenance costs.

15. Plaintiff brings this action on behalf of himself and similarly situated current and

former Delivery Workers who elect to opt in to this action pursuant to the FLSA, specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

16. Plaintiff also brings this action on behalf of himself and similarly situated current and former Delivery Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

**Jose Luis Ortiz**

17. Jose Luis Ortiz ("Ortiz") is an adult individual who is a resident of Queens, New York.

18. Ortiz was employed by Defendants as a Delivery Worker for Nick's Pizzabar from approximately October 2015 through in or around October 2016.

19. Ortiz is a covered employee within the meaning of the FLSA and the NYLL.

20. A written consent form for Ortiz is being filed with this Class Action Complaint.

**Defendants**

21. Defendants jointly employed Plaintiff and similarly situated Delivery Workers' at all times relevant.

22. Each Defendant had substantial control over Plaintiff's and Delivery Workers' working conditions, and over the unlawful policies and practices alleged herein.

23. Defendants are part of a single integrated enterprise that has jointly employed

Plaintiff and similarly situated employees at all times relevant.

24. During all relevant times, Defendants' operations are interrelated and unified.

25. During all relevant times, Defendants have applied the same employment policies, practices, and procedures to all Delivery Workers.

26. During all relevant times, Defendants have controlled the labor relations of Nick's Pizzabar.

27. During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and NYLL.

**Grace 356 Group, LLC**

28. Together with the other Defendants, Grace 365 Group, LLC ("Grace 365 Group") has owned and operated Nick's Pizzabar during the relevant time period.

29. Grace 365 Group is a domestic limited liability company organized and existing under the laws of New York. It lists its DOS Process address as "93 Pearl Street, New York, New York 10004," the same address HPH Hospitality Group lists on its website.[4]

30. Grace 365 Group has done business as Nick's Pizzabar throughout the relevant time period.

31. Grace 365 Group is listed as the premises name for Nick's Pizzabar under the New York State Liquor Authority.

32. Plaintiff received paystubs that listed Grace 365 Group under the company name.

33. At all relevant times, Grace 365 Group has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

34. Grace 365 Group applies the same employment policies, practices, and

---

[4] *See* HPH Contact Page, (*available at* http://hphnyc.com/#contact) (last accessed December 20, 2016).

procedures to all Delivery Workers at Nick's Pizzabar, including policies, practices, and procedures with respect to payment of minimum wages.

35. Upon information and belief, at all relevant times Grace 365 Group has had an annual gross volume of sales in excess of $500,000.

**Hanover Ventures, LLC**

36. Together with the other Defendants, Hanover Ventures, LLC ("Hanover Ventures") has owned and operated Nick's Pizzabar during the relevant time period.

37. Hanover Ventures is a domestic limited liability company organized and existing under the laws of New York. It lists its DOS Process address as "214 40th Street, Brooklyn, New York 11232."

38. Hanover Ventures is listed as a Principal for Nick's Pizzabar under the New York State Liquor Authority.

39. At all relevant times, Hanover Ventures has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

40. Hanover Ventures applies the same employment policies, practices, and procedures to all Delivery Workers at Nick's Pizzabar, including policies, practices, and procedures with respect to payment of minimum wages.

41. Upon information and belief, at all relevant times Hanover Ventures has had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

42. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

43. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

44. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Delivery Workers at Nick's Pizzabar, who elect to opt-in to this action (the "FLSA Collective").

46. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

47. Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid the minimum wage for all hours worked up to 40 per workweek.

48. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

49. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

 a. willfully failing to pay their employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked up to 40 per workweek.

50. Defendants are aware or should have been aware that federal law required them to

pay Plaintiff and the FLSA Collective minimum wage for all of the hours they worked up to 40 per workweek.

51. There are many similarly situated current and former Delivery Workers who have been denied minimum wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

52. Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Delivery Workers at Nick's Pizzabar between November 1, 2014 and the date of final judgment in this matter (the "Rule 23 Class").

53. The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

54. There are more than fifty Rule 23 Class Members.

55. Plaintiff's claims are typical of those claims that could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

56. Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

57. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class Members and have no interests antagonistic to the Rule 23 Class Members.

58. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

59. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide

proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

60. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class Members individually and include, but are not limited to, the following:

(a) whether Defendants unlawfully applied a tip credit to the hourly wages paid to Plaintiff and the Rule 23 Class;

(b) whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked;

(c) whether Defendants required Plaintiff and the Rule 23 Class to spend more than 20% and/or 2 hours, whichever is less, of their time performing non-tipped side work duties;

(d) whether Defendants failed to provide uniform maintenance pay to Plaintiff and the Rule 23 Class;

(e) whether Defendants applied unlawful deductions against the wages of Plaintiff and the Rule 23 Class;

(f) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

(g) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with accurate statements with every payment of wages, as required by the NYLL; and

(h) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law.

## PLAINTIFF'S FACTUAL ALLEGATIONS

61. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Jose Luis Ortiz**

62. During his employment, Ortiz generally has worked the following scheduled

hours, unless he missed time for vacation, sick days, or holidays, or obtained additional shifts:

    a. From approximately October 2015 through October 2016, 5 days per week from approximately 5:00 p.m. to 11:00 p.m., for an average 30 hours per week.

63. Throughout Ortiz's employment, Defendants applied a tip credit towards the minimum wage paid to Ortiz for work performed as a Delivery Worker.

64. Defendants failed to properly notify Ortiz of the tip credit provisions of the FLSA and the NYLL, or of their intent to apply a tip credit to his wages.

65. Defendants suffered or permitted Ortiz to performing non-tip producing side work for more than 20 percent of his worktime and/or 2 hours. These duties included, but were not limited to: (1) sweeping the floors, (2) washing dishes, (3) general cleaning of the kitchen area, (4) removing garbage to the street, (5) making pizza boxes, (6) bringing food supplies up and down between the basement and the kitchen, (7) restocking supplies, and (8) rearranging items in the basements.

66. As a result of the above, Defendants did not satisfy the requirements under the FLSA and NYLL by which they could apply a tip credit to the hourly rates paid to Ortiz, and Defendants failed to compensate him at the proper minimum wage rate.

67. At all times relevant, Ortiz was entitled to receive the full statutory minimum wage rate for the first 40 hours of work each workweek.

68. Defendants required Ortiz to wear a delivery vest bearing the Nick's Pizzabar logo, and required Ortiz to bear the costs of cleaning said uniform. Defendants did not launder and/or or maintain Ortiz's uniform, and failed to pay Ortiz the required weekly uniform-maintenance amount in addition to the required minimum wage.

69. Defendants made unlawful deductions from Ortiz' wages in that Defendants required Ortiz to pay the cost and expenses for purchasing and maintaining equipment required to perform his job. In this regard, Ortiz was required to purchase a bicycle and pay for the costs to maintain his bicycle to perform his duties as a Delivery Worker.

70. Defendants failed to furnish Ortiz with proper annual wage notices, as required by the NYLL.

71. Defendants failed to furnish Ortiz with accurate statements of wages with each payment of wages as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. At all times relevant, Plaintiff and the FLSA Collective were or have been employees, and Defendants were or have been employers of Plaintiff and the FLSA Collective, within the meaning of 29 U.S.C §§ 201 *et seq.*

74. At all times relevant, Defendants have been employers of Plaintiff and the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C §§ 201 *et seq.*

75. Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants have failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA.

76. Defendants required Plaintiff and the FLSA Collective to perform duties unrelated to their tip-producing work. During these periods, Defendants compensated Plaintiff and the

FLSA Collective at the tipped minimum wage rate rather than the full hourly minimum wage rate as required by 29 U.S.C.§§ 201 *et seq*.

77. Defendants also required Plaintiff and the FLSA Collective to perform a substantial amount of non-tipped "side work" in excess of 20% percent of their work time. During these periods, Defendants compensated Plaintiff and the FLSA Collective at the tipped minimum wage rate rather than at the fill hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq*.

78. Defendants also required Plaintiff and the FLSA Collective to bear the costs of acquiring and maintaining tools of the trade, including, but not limited to, the costs of purchasing and maintaining bicycles. The cost of these tools reduced Plaintiff's and the FLSA Collective's wages below the applicable minimum wage.

79. Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Class Action Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective. As such, a three-year statute of limitations applies, pursuant to 29 U.S.C §§ 201 *et seq*.

80. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
### New York Labor Law – Minimum Wages
#### (Brought on behalf of Plaintiff and the Rule 23 Class)

81.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82.     At all times relevant, Plaintiff and the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

83.     Defendants have failed to pay Plaintiff and the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

84.     Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the members of the Rule 23 Class the full minimum wage at a rate of (a) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; (b) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; (c) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; and (d) $11.00 per hour for all hours worked from December 31, 2016 through the present.

85.     Defendants have failed to notify Plaintiff and the Rule 23 Class of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

86.     Defendants also required Plaintiff and the Rule 23 Class to spend a substantial amount of time, 2 hours or more than 20% of their work time, performing non-tip producing side

work duties that were related to their tipped occupation, and required Plaintiff and the Rule 23 Class to perform non-tip producing side work unrelated to their tipped occupation.

87. As a result, Plaintiff and the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

88. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

89. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### New York Labor Law – Uniform Violations
### (Brought on behalf of Plaintiff and the Rule 23 Class)

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91. Defendants required Plaintiff and the Rule 23 Class to wear a uniform consisting of a yellow delivery vest bearing the Nick's Pizzabar's logo.

92. Defendants failed to provide a sufficient number of uniforms, and launder and/or maintain the required uniforms for Plaintiff and the Rule 23 Class, and failed to pay them the required weekly amount in addition to the required minimum wage.

93. Through their knowing or intentional failure to pay and/or reimburse Plaintiff and the Rule 23 Class for the cost and maintenance of required uniforms, Defendants have willfully violated the NYLL, and the supporting New York State Department of Labor Regulations.

94.     Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants the costs of maintaining their uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Unlawful Deductions from Wages
### (Brought on behalf of Plaintiff and the Rule 23 Class)

95.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

96.     Defendants made unlawful deductions from the wages of Plaintiff and the Rule 23 Class. These deductions included, but were not limited to, the costs of purchasing and maintaining bicycles required by Plaintiff and the Rule 23 Class to make deliveries.

97.     The deductions made from the wages of Plaintiff and the Rule 23 Class were not expressly authorized in writing by Plaintiff and the Rule 23 Class, and were not for the benefit of Plaintiff and the Rule 23 Class.

98.     Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiff and the Rule 23 Class)

99.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.    Defendants have failed to supply Plaintiff and the Rule 23 Class with proper

annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

101. Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, and costs, as provided for by NYLL, Article 6, § 198(1-b).

## SIXTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Weekly Wage Statements**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

102. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103. Defendants failed to supply Plaintiff and the Rule 23 Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

104. Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Delivery Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Nick's Pizzabar. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E. Unpaid minimum wages, uniform maintenance pay, unlawful deductions, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F. Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G. Statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H. Prejudgment and post-judgment interest;

I. Reasonable attorneys' fees and costs of the action; and

J. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       March 13, 2017

Respectfully submitted,

/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1. Doy mi consentimiento para ser parte demandante en una demanda contra NICK'S PIZZA BAR y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2. Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

_____
Firma (Signature)


_Jose Luis Ortiz_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))